IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>ANTOINE RILEY,<br>ANTONIO RAINES,<br>LATANYA WILLIAMS,<br>BRITTANY SMITH,<br>DESMOND GRIFFIN,<br>OBIE WRIGHT,<br>JOSEPH DAY,<br>ARMARD DAVIS,<br>EMANUAEL IVEY,<br><br>    Defendants. | CRIMINAL NO. 5:21-CR-63-MTT |

**PROTECTIVE ORDER LIMITING THE DISCLOSURE OF DISCOVERY MATERIALS**

For the reasons stated in the Government's Motion For a Protective Order to Limit Disclosure of Discovery Materials filed on February 1, 2022, **IT IS HEREBY ORDERED** pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that:

1. As used herein the term "defense team" shall constitute: Defendants, defense counsels, co-counsels, and paralegals, investigators, litigation support personnel, and secretarial staff working for defense counsel.

2. As used herein the term "defense attorney" shall constitute: defense counsels, co-counsels, and paralegals, investigators, litigation support personnel, and secretarial staff working for defense counsel.  The term "defense attorney" does NOT include the defendant.

3. As used herein, the term "discovery materials" shall pertain to all materials provided by the Government in discovery in the above captioned case.

4. As used herein, the term "complete intercepted communications" shall pertain to the complete recording of all phone calls and text messages intercepted through the course of the wiretaps on (1) Antoine Riley's three phones and, (2) Antonio Raines' one phone.

5. As used herein, the term "selected intercepted communications" shall pertain to those phone calls and text messages between Antoine Riley, Antonio Raines, and the individual defendants.

6. The discovery materials in the above captioned case may be reviewed in full by the defense team, and if necessary, may be used in the trial of this case. However, the defense team is restricted from sharing the discovery materials outside the defense team.

7. The defense team may also review the discovery materials with any expert witness that may be necessary in the preparation of Defendant's defense. However, the defense team must limit the discovery materials provided to any expert witness to those necessary for the expert witness to perform his or her work. The defense team must also take care in sharing these materials to ensure that no Personally Identifiable Information (PII) is given to the expert witness.

8. The defense team may disclose the discovery materials to any witness it deems necessary in the preparation of the Defendant's defense. However, such witness may not be provided a copy of the discovery materials, but may only review them while in the presence of defense counsel or any co-counsel, paralegal, investigator, litigation support person, or secretary of defense counsel. The defense team must also ensure that any PII has been redacted before showing the discovery material to such witness.

9. The discovery materials may also be disclosed and provided to the Court (including by filing and making use of exhibits) in connection with the proceedings in the criminal case. It shall be the responsibility of any party filing discovery materials to ensure that all PII has been redacted.

10. The complete intercepted communications may be reviewed in full by the defense attorney. Antoine Riley and Antonio Raines may also review in full their respective complete intercepted communications. However, the complete intercepted communications MAY NOT be disclosed to anyone other than the defense attorney, except as provided to Raines and Riley.

11. The selected intercepted communications may be provided to each Defendant to whom those selected intercepted communications pertain.

12. If any Defendant or his or her counsel desires to disclose or make available the discovery materials to any person not described in this ORDER or for any purpose other than the defense of the criminal case, they must seek relief of the Court.

13. This ORDER shall survive the final termination of this criminal case, to include any appeal, and upon termination of this criminal case, counsel for the Defendant shall return all copies of the discovery materials to the Government that is not a matter of public record at the time (*i.e.*, trial exhibits or other publicly-filed exhibits or documents), or shall certify that said documents have been destroyed.

14. The ORDER is subject to modification upon appropriate motion. The Court finds that good cause exists for the entry of this order with the following conditions. (1) Should any Defendant object to any provision of this order, that Defendant shall file notice of his or her objection so the Court can consider the objection and, if necessary, convene a conference; and (2) Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall

not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal simply because they are covered by this discovery protective order.

    **IT IS SO ORDERED**, this 1st day of February, 2022.

                                    S/ Marc T. Treadwell
                                  MARC T. TREADWELL, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT